UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROY AUSTIN SMITH, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   No. 3:05 CV 590 |
| | ) |
| SUPERINTENDENT, INDIANA STATE PRISON, | ) ) |
| | ) |
|     Respondent. | ) |

## OPINION and ORDER

Roy Smith, a prisoner confined at the Indiana State Prison, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 2004 LaPorte County conviction for attempted murder. While he was serving another sentence at the Indiana State Prison, Smith was charged with attempted murder and aggravated battery as a result of stabbing another inmate with a pair of scissors, and was found guilty of both charges. (DE # 11-2 at 4.) The trial court subsequently vacated the battery count and sentenced Smith to thirty-four years imprisonment on the attempted murder count. (DE # 11-2 at 4-5.) Smith raised two claims in his direct appeal: that the trial court improperly refused his request to proceed *pro se* at trial and that his trial counsel provided ineffective assistance. (DE # 11-6.) On May 23, 2005, the Indiana Court of Appeals affirmed petitioner's convictions (DE # 11-7), and the Supreme Court of Indiana denied transfer on July 26, 2005 (DE # 11-7). Smith also sought post-conviction relief in the state courts, but the only claims that he raises in his amended petition for writ of habeas corpus were raised in his direct appeal.

On September 26, 2005, petitioner filed this action for federal collateral relief. (DE # 4.) Respondent filed a return to the order to show cause, and on June 1, 2006, the presiding judge dismissed the case without prejudice. (DE # 19.) Petitioner filed a motion to correct error, which the court granted and stayed the case. (DE # 22.) On March 19, 2012, this court lifted the stay. (DE # 49.) This case is now before the court on Smith's amended petition for writ of habeas corpus (DE # 50) in which he asserts that his trial counsel was ineffective, and that the trial court violated his Sixth Amendment right to self-representation.[1]

**DISCUSSION**

This petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court can only grant an application for habeas relief if it meets the requirements of 28 U.S.C. § 2254(d), which provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

---

[1] Petitioner submitted other claims in his original petition for writ of habeas corpus. On March 19, 2012, after lifting the stay, this court afforded the "petitioner until April 20, 2012, within which to file an amended petition for writ of habeas corpus raising all of the issues he wishes to present to the court." (DE #49.) In his amended petition for writ of habeas corpus petitioner only included the claims described above.

>  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court decision is "contrary to" clearly established federal law if it is "substantially different from the relevant precedent" of the Supreme Court. *Mosley v. Atchison*, 689 F.3d 838, 844 (7th Cir. 2012) (citing *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). A federal court may grant habeas relief under the "unreasonable application" clause if the state court identifies the correct legal principle from Supreme Court precedent but unreasonably applies that principle to the facts of the petitioner's case. *Allen v. Chandler*, 555 F.3d 596, 602 (7th Cir. 2009). To warrant relief, a state court's decision must be more than incorrect or erroneous; it must be "objectively unreasonable." *Id.*

**INEFFECTIVE ASSISTANCE OF COUNSEL**

Where a petitioner asserts ineffectiveness of counsel under the Sixth Amendment, the governing Supreme Court case is *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on his ineffective assistance of counsel claim, a habeas petitioner must show not only that counsel's performance was unconstitutionally deficient, but also that the deficient performance prejudiced him. *Williams v Taylor*, 529 U.S. at 390-91 (quoting *Strickland*, 466 U.S. at 692). Counsel's performance should be measured by an objective standard of reasonableness "under prevailing professional norms." *Strickland*, 466 U.S. at 692. The prejudice prong requires the petitioner to show

that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The court's review of counsel's performance is "highly deferential." *Davis v. Lambert*, 388 F.3d 1052, 1059 (7th Cir. 2004).

In its review of Smith's appeal, the Indiana Court of Appeals properly identified the *Strickland* standard as governing the resolution of his claims of ineffective assistance of trial counsel. (DE # 11-7 at 7.) That court stated in its opinion that:

> Defense counsel did not, for all practical purposes, mount a defense on Smith's behalf. He did not object to any exhibits. He cross-examined only one witness, and called no witnesses for the defense. The morning of trial, Smith indicated he wanted to call witnesses, but defense counsel did not accede to Smith's wishes. We cannot characterize defense counsel's representation as "effective."
>
> However, Smith has not shown "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*
>
> Correctional Officer Judkins testified he saw Smith walk up behind Fisher while Fisher was eating breakfast and attack him. Fisher was stabbed multiple times and was hospitalized twelve days for his injuries. Given the strength of this eyewitness testimony, we believe that even had other evidence been presented, there was no reasonable probability the result of the trial would have been different. We accordingly affirm Smith's conviction.

(DE # 11-7 at 7-8 (footnote omitted).)

A federal court may grant habeas relief if a state court identifies the correct legal principle from Supreme Court precedent but unreasonably applies that principle to the facts of the petitioner's case. *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). Accordingly, this court must determine whether the state court's application of *Strickland* was reasonable.

4

On the effectiveness prong of the *Strickland* test, the Indiana Court of Appeals concluded that Smith's counsel's defense could not be characterized as "effective." But there are simply some cases for which there is no good defense. *See Florida v. Nixon*, 543 U.S. 175, 190-92 (2004). Trial counsel cannot be deemed ineffective merely because he drew a case with horrific facts which lacked a viable legal theory.

Under the prejudice prong of the *Strickland* test, the Indiana Court of Appeals concluded that his counsel's preparation for or performance at trial did not prejudice Smith because given the strength of the eyewitness testimony, even had other evidence been presented, there was no reasonable probability the result of the trial would have been different. (DE 11-7 at 8.) This court concludes that the Indiana Court of Appeals properly applied the *Strickland* test to Smith's ineffective assistance of counsel claim and that its determination was not objectively unreasonable.

**DENIAL OF SMITH'S REQUEST TO PROCEED *PRO SE* AT TRIAL**

In ground two of his amended petition for writ of habeas corpus, Smith asserts that the trial court violated his Sixth Amendment right to self-representation when it denied his "timely request to proceed *pro se.*" (DE # 50 at 3.) Respondent argues that "the Indiana Court of Appeals correctly and reasonably concluded that the trial court properly denied Petitioner's untimely motion to represent himself at trial." (DE # 54 at 9.)

The right of self representation is implicit in the Sixth Amendment to the United States Constitution. *Faretta v. California*, 422 U.S. 806, 821 (1975). However, this right is "not absolute," courts may require a defendant to elect to represent himself in a "timely

5

manner." *Martinez v. Court of Appeal of California, Fourth Appellate Dist.*, 528 U.S. 152, 161 (2000). Indiana law requires a defendant to elect to conduct his own defense within a "reasonable time prior to the first day of trial." *Stroud v. State*, 809 N.E.2d 274, 279 (Ind. 2004).

Smith filed his request to proceed *pro se* four days before the trial was to commence, and two of those days were weekend days. (DE 11-7 at 6.) The Indiana Court of Appeals found the trial court was within its discretion to deny Smith's request to proceed pro se as untimely (*Id.*). The United States Supreme Court has never addressed the constitutional parameters of the timeliness of a request to represent oneself, so there is no clearly established United States Supreme Court precedent on the subject. Accordingly, it is impossible for petitioner to show that the state did not properly apply that law. *See Wright v. Van Patten*, 552 U.S. 120, 126 (2008) ("Because our cases give no clear answer to the question presented . . . it cannot be said that the state court unreasonably applied clearly established Federal law."). Because Smith has not shown that the Indiana Court of Appeals decision was contrary to or an unreasonable application of clearly established federal law as established by the Supreme Court, this court may not grant him habeas relief on this ground.

**CERTIFICATE OF APPEALABILITY**

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the court must consider whether to grant Smith a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of

a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons stated in this memorandum, the court concludes that petitioner's ineffectiveness of counsel claim and his claim that he was prevented from proceeding *pro se* at trial in violation of the Sixth Amendment are without merit. Smith has failed to make a substantial showing of the denial of a constitutional right, nor has he established that jurists of reason could debate the correctness of these rulings or find a reason to encourage him to proceed further. Accordingly, the court declines to issue Smith a certificate of appealability.

**CONCLUSION**

For the foregoing reasons, the court **DISMISSES** this petition for writ of habeas corpus, DIRECTS the Clerk to close this case; and **DENIES** the Petitioner a certificate of appealability.

                **SO ORDERED.**

Date: November 8, 2012

                s/James T. Moody
                JUDGE JAMES T. MOODY
                UNITED STATES DISTRICT COURT